IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| KAREN WILLIAMS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-8-BMJ |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Karen Williams, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR), and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.     Procedural Background**

Plaintiff filed applications for disability insurance benefits (DIB) and supplemental security income (SSI), alleging disability beginning November 2017. AR 191-99. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated June 25, 2015. AR 17-29. The Appeals Council denied Plaintiff's request for review on November 22, 2016. AR 1-7. Therefore, the ALJ's decision constitutes the final decision of the

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review. *See* Compl. [Doc. No. 1] (filed Jan. 4, 2017).

**II.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that Plaintiff meets the insured status requirements of the Act through December 31, 2016, and has not engaged in substantial gainful activity since the alleged onset date, November 17, 2012. AR 19.

At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; gout; diabetes mellitus; and affective disorder. *Id*. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 20-22.

The ALJ next determined Plaintiff's residual functional capacity (RFC). The ALJ concluded Plaintiff could perform light work with additional physical and mental limitations. AR 22.[2]

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a Dietary Assistant; Dishwasher; Kitchen Helper; or Cafeteria Cook because that work requires an exertional level greater than the ALJ's RFC determination. AR 27-28. At step five, relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff can perform other work that exists in significant numbers in the national economy. AR 28-29. The ALJ identified Bottling Line Attendant; Electrode Cleaner, Production Help; and Bakery Worker as representative

---

[2] *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (setting forth requirements for light work).

occupations. AR 28-29. The ALJ concluded, therefore, that Plaintiff was not disabled under the terms of the Social Security Act. AR 29.

### III. Issue Presented for Judicial Review

Plaintiff seeks judicial review raising two claims of error: (1) the ALJ failed to properly consider medical source opinions; and (2) the ALJ's findings regarding Plaintiff's allegations about her symptoms is legally flawed and not supported by substantial evidence.[3]

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted).

A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations

---

[3] Plaintiff's second claim of error, though framed in terms of findings about her "symptoms" is a challenge to the "credibility" findings set forth in the ALJ's decision. As the Tenth Circuit has noted, subsequent to the ALJ's decision in this case, "the Commissioner eliminated use of the term 'credibility' from its sub-regulatory policy." *Kellams v. Berryhill*, No. 16-1338, 2017 WL 3432373 at *6, n. 4 (10th Cir. Aug. 10, 2017) (unpublished op.) (*citing* Soc. Sec. Rul. 16-3p, 2016 WL 1119029 at *1 (Mar. 16, 2016)). Although Plaintiff cites SSR 16-3p in addressing her challenge to the ALJ's credibility findings, the change in sub-regulatory policy is not outcome determinative in this case. As discussed infra, the Court remands this matter finding reversible error as to Plaintiff's first claim of error and, therefore, deems it unnecessary to address the second claim of error which might be affected by proceedings on remand.

omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

Plaintiff bears the burden of proof at steps one through four of the sequential evaluation process to establish a prima facie case of disability. *Wells v. Colvin*, 727 F.3d 1061, 1064 n. 1 (10th Cir. 2013). If Plaintiff meets this burden, the burden of proof shifts to the Commissioner at step five to show that Plaintiff retains a sufficient RFC to perform other work that exists in significant numbers in the national economy. *Id*.

## V.     Analysis

### A.     The ALJ's Weighing of the Medical Opinion Evidence[4]

The ALJ gave great weight to the opinion of the consultative examiner, Julie Wiley, M.D., based on her examination of Plaintiff in May 2013. AR 25. The ALJ deemed Dr. Wiley's opinion "consistent with the record as a whole" but did not specifically reference the other evidence relied upon. *Id*.

The ALJ gave little weight to the opinion of Jen Fosdick, APRN-CNP. Specifically, Ms. Fosdick opined that Plaintiff's employment opportunities were limited as a result of her conditions. AR 531. The ALJ found this opinion "is not supported with explanation and not consistent with

---

[4] Defendant attempts to recast Plaintiff's first claim of error as a challenge to the ALJ's RFC assessment and an impermissible request to reweigh the evidence supporting the ALJ's RFC assessment. *See* Def.'s Brf. at p. 8. To the contrary, Plaintiff's claim focuses on the ALJ's failure to follow the governing regulations and law with respect to the analysis of medical and other source opinion evidence. Plaintiff specifically faults the ALJ for failing to address this evidence in his decision and to provide specific reasons for finding certain opinion evidence inconsistent with other evidence of record.

the record as a whole." AR 26. Again, however, the ALJ did not specifically identify any evidence that was inconsistent with Ms. Fosdick's opinion.[5]

Plaintiff contends the ALJ erred because he failed to discuss two other opinions that are consistent with Ms. Fosdick's opinion.[6] First, Plaintiff cites a medical record from Janson P. Varghese, ARPN, C-NP. In July 2014, Mr. Varghese completed an application for a handicap parking permit on Plaintiff's behalf. AR 490. Mr. Varghese recommended a five-year permit on grounds Plaintiff was "severely limited . . . in her ability to walk due to an arthritic, neurological or orthopedic condition." *Id.* Mr. Varghese completed this application following an examination of Plaintiff on the same date. AR 510-512.

Second, Plaintiff cites a "Medical Source Opinion of Residual Functional Capacity" completed by Mikel Cooley, ARPN in March 2016. Ms. Cooley opines that Plaintiff can stand/walk less than 2 hours in an 8-hour work day and frequently lift or carry less than 10 pounds. She also opines that Plaintiff is unable to walk without a cane and cannot walk long distances

---

[5] To the extent Ms. Fosdick offers an opinion on the ultimate issue of disability, Defendant is correct that the ALJ was not required to adopt that opinion. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) ("[F]inal responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]."); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The error claimed by Plaintiff, however, is the ALJ's failure to adequately explain why Ms. Fosdick's opinion was inconsistent with the other evidence of record or, conversely, why he rejected aspects of Dr. Wiley's opinion while stating he was giving that opinion great weight. The record is not limited to Ms. Fosdick's opinion evidence, but includes a treatment history with Plaintiff by Ms. Fosdick. *See, e.g.*, AR 504-531.

[6] The Court recognizes that all of the opinion evidence relied upon by Plaintiff is from an "other source" and not from "an acceptable medical source." *See* 20 C.F.R. §§ 404.1502(a), 416.902(a). Nonetheless, these opinions "should be evaluated on key issues such as impairment severity and functional effects." *Bowman*, 511 F.3d at 1274-75; *see also Nichols v. Astrue*, 341 F. App'x 450, 453 (10th Cir. 2009) (assuming, without deciding, that the factors set forth in §§ 404.1527(d) and 416.927(d) should be considered in evaluating such other source opinion evidence).

without having to stop. She attributes these limitations to Plaintiff's medical impairments associated with her cervical and lumbosacral spine and her scoliosis. AR 11.

Plaintiff further points to Dr. Wiley's consultative examination, in which she addressed Plaintiff's "guarded antalgic gain, with the use of an assistive device." *See* Pl.'s Brf. at p. 9 (*citing* AR 426). This medical evidence also supports limitations on Plaintiff's ability to stand and walk.[7] Plaintiff argues that although the ALJ gave "great weight" to Dr. Wiley's report, the ALJ did not reconcile his RFC finding that Plaintiff has no limitations in her ability to stand and walk with the statement in Dr. Wiley's report regarding Plaintiff's use of an assistive device. *Id.*

The Court agrees and finds Plaintiff's first claim of error has merit. The ALJ failed to provide any reasons why he deemed Dr. Wiley's opinion consistent with the record as a whole but rejected Ms. Fosdick's opinion as inconsistent. *See Kellams*, 2017 WL 3422373 at *7 (finding reversible error where ALJ did not explain how any of the findings of the consultative examiner were inconsistent with the claimant's treatment history or the findings of other medical providers); *cf. Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (finding remand required where "the ALJ failed to explain or identify what the claimed inconsistencies were between [the treating physician's] opinion and the other substantial evidence in the record," and concluding that the ALJ's reasoning was not "sufficiently specific to enable this court to meaningfully review his findings") (quotation omitted). Here, as in *Langley*, upon an independent review of the record, the

---

[7] Dr. Wiley included multiple findings that indicate limitations on Plaintiff's ability to stand and/or walk. In addition to noting Plaintiff's use of an assistive device, Dr. Wiley found "[m]uscle strength in the lower extremities is decreased at 3/5"; "pain with passive range of motion testing of the left knee and tenderness to palpation in this joint as well"; "limited range of motion of the lumbosacral spine at 45/90 in flexion, 20/25 in extension"; "tender with intermittent left side bending"; "tenderness to palpation throughout the lumbar region"; "positive straight leg raise bilaterally in the supine position"; and pain with heel and toe walking. AR 425-26. The ALJ recited this evidence and concluded he was giving it great weight because it was "consistent with the record as a whole." AR 25.

Court is unable to identify any obvious inconsistencies to which the ALJ might have been referring. *Id*. at 1122–23.

Nor does the ALJ explain why he gave great weight to Dr. Wiley's findings, but then omitted any limitations related to Plaintiff's ability to stand and/or walk. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (An ALJ need not "discuss every piece of evidence" but "must discuss the uncontroverted evidence he chooses not to rely on as well as significantly probative evidence he rejects.").

Notable is Defendant's wholly cursory response to Plaintiff's claim of error:

> Ms. Fosdick's opinion *was not necessarily* inconsistent with the ALJ's ultimate RFC finding. The ALJ found Plaintiff was limited to a range of light work, which clearly limits her employment opportunities to only certain unskilled jobs.

Def.'s Brf. at p. 11 (emphasis added). In making this argument, Defendant necessarily concedes that the ALJ's opinion lacks adequate explanation for finding Ms. Fosdick's opinion inconsistent and impermissibly invites post-hoc justifications for the ALJ's findings. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[C]ourt[s] may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

In a similar vein, Defendant admits that the ALJ "did not explicitly refer to the form completed by Mr. Varghese . . . stating Plaintiff was severely limited in her ability to walk" but nonetheless contends "it is apparent that the ALJ considered Mr. Varghese's statement and implicitly determined to give it no weight." *Id*. at p. 12. The Court disagrees. Without express analysis by the ALJ, it is not possible to know what weight he might have given the opinion or whether he considered it at all. As the Tenth Circuit has long held, where an ALJ wholly fails to

7

address evidence, the court cannot conduct a meaningful review of the ALJ's decision. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen . . . an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination."). Defendant's disingenuous argument that the ALJ implicitly considered Mr. Varghese's opinion but gave it no weight must be rejected.

Finally, the ALJ gave great weight to the opinion of the state agency consultant on reconsideration, Emily Eisenhauer, M.D. AR 26-27. The ALJ found her opinion was "consistent with the record as a whole." AR 27. Once again, however, the ALJ did not identify what evidence he relied upon or explain how the opinion of Dr. Eisenhauer was consistent with the other evidence of record. As a non-examining consultant, "[Dr. Eisenhauer's] review of the record was not itself a proper basis for according [her] opinion[s] greater weight than those of the other examining sources." *Kellams*, 2017 WL 3432373 at *9 (*citing Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012)). Dr. Eisenhauer referenced the findings of Dr. Wiley, but failed to address how those findings supported her conclusion that Plaintiff could perform light work. AR 122-23.[8]

Additionally, as Plaintiff points out, Dr. Eisenhauer gave her opinion on August 2, 2013, and that opinion was based on a review of a then-incomplete medical record. The latest medical record identified in Dr. Eisenhauer's review is from August 2013. AR 114.

The ALJ cited significant medical evidence from October 2013 through February 2015 which is consistent with the opinion evidence from Ms. Fosdick and Mr. Varghese and the findings of Dr. Wiley. For example, in October 2013, Solomon M. Pearce, D.O., examined Plaintiff due to

---

[8] Dr. Eisenhauer states that she reviewed an independent consultative examination conducted on May 22, 2013 by James W. Stephens, D.O. AR 122. But there is no medical record from Dr. Stephens. The error appears to be an erroneous, but inadvertent, misidentification of the consultative examiner, as Dr. Eisenhauer's summary of the consultative examination otherwise tracks the findings of Dr. Wiley made during her consultative examination on May 22, 2013.

8

complaints of left leg pain. AR 481-482. He noted "decreased range of motion in all four extremities with positive slump and positive seated straight leg raise on the left." AR 481. He further noted that Plaintiff's "[r]ight upper extremity appears worse than left with C5-6-7 distribution of numbness and tingling, positive Tinel's and Phalen's tests, right greater than left." *Id*. Dr. Pearce further noted that Plaintiff "has exquisite tenderness to palpation in her left gluteal maximus region and his reproduces symptoms shooting to her spine and down her legs, as well." AR 482. Dr. Pearce administered a trigger point injection to alleviate Plaintiff's pain. *Id*.[9]

Plaintiff is correct that proper consideration of this medical source opinion evidence could affect the ALJ's RFC findings and the ultimate determination of whether Plaintiff is disabled.[10] The ALJ, therefore, committed reversible legal error and a remand is required.[11]

---

[9] Approximately one month after Dr. Solomon administered the trigger point injection, Plaintiff received a lumbar epidural steroid block. AR 492. Within a week, Plaintiff reported the block alleviated her pain up to 70%. AR 494. But thereafter, Plaintiff continued to report pain, with only slight improvement, and continued to take pain medications. AR 521, 526, 528.

[10] For example, the VE testified that with Plaintiff's other limitations, if she could perform work only at the sedentary level, Plaintiff would not have any transferrable skills. AR 74-75. If Plaintiff were limited to sedentary work, her age and lack of transferable skills would support a finding of disability. *See* 20 C.F.R., Pt. 404, Subpt. P. App. 2, § 201.14.

[11] As set forth above, Plaintiff also relies on opinion evidence of Ms. Cooley to support her claim of error. AR 11. But Ms. Cooley's opinion, dated March 30, 2016, post-dates the ALJ's June 2015 decision. Thus, the ALJ could not have considered that opinion evidence. The Appeals Council deemed the evidence not relevant to the period under review. AR 2. The Appeals Council stated:

> We also looked at the medical evidence dated March 30, 2016 from Mikel Cooley, A.P.R.N.-C.N.P. (2 pages). The Administrative Law Judge decided your case through June 25, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 25, 2015.

*Id*. Plaintiff does not challenge the findings of the Appeals Council. Nonetheless, this matter is being remanded, and the record on remand will include Ms. Cooley's opinion. Therefore, the ALJ

### B. The ALJ's Evaluation of Plaintiff's Symptoms

Plaintiff also claims the ALJ failed to properly evaluate her symptom testimony (i.e., her credibility) and that the ALJ's findings related thereto are not supported by substantial evidence. As set forth, the Court finds a remand is required so that the ALJ may properly assess the opinion evidence. The ALJ's treatment of the opinion evidence on remand may impact the analysis of Plaintiff's symptoms. Accordingly, the Court finds it unnecessary to address this additional claim or error. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Chrismon v. Colvin*, 531 F. App'x 893, 902 (10th Cir. 2013) (declining to address claimant's credibility challenge where proper analysis of claimant's credibility may be affected by proceedings on remand necessitated by the ALJ's rejection of medical opinion evidence); *Armstrong v. Astrue*, 495 F. App'x 891, 894 (10th Cir. 2012) (remanding because ALJ's decision "does not weigh the evidence as required by the applicable legal standards" and finding it unnecessary to reach the plaintiff's "additional arguments that the ALJ erred in assessing her credibility and in accepting certain vocational expert testimony; those issues may be affected by the ALJ's treatment of the case on remand").

### VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

---

will have the opportunity to consider Ms. Cooley's opinion, determine whether it is relevant to the period of disability under review and if so, what weight should be afforded that opinion. The Court notes that at the time of the hearing before the ALJ, Plaintiff stated that she was being treated by Ms. Cooley for pain management. AR 49.

ENTERED this 25th day of August, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE